IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUTTA SPIES,

                Plaintiff,                      ORDER

v.

                                        14-cv-568-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                Defendant.

---

        Plaintiff Jutta Spies seeks judicial review of a final decision of the Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. For reasons stated more fully at the oral argument on May 21, 2015, the court will deny plaintiff's motion for summary judgment and affirm the Commissioner's decision.

        Plaintiff raises two objections to the Commissioner's decision. First, plaintiff contends that the ALJ erred in assessing plaintiff's credibility. A reviewing court reviews an ALJ's credibility determinations with considerable deference, reversing those determinations only when they are so lacking in explanation and support that they can be described as "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The ALJ may not, however, discount a claimant's description of subjective symptoms merely because they are unsupported by objective evidence. *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009).

        The ALJ in this case did not improperly discount plaintiff's complaints. In light of the record evidence, he was justifiably skeptical of the intensity and limiting effects of plaintiff's pain, and he gave several reasons why he found plaintiff less than fully credible. As the ALJ explained, plaintiff had: collected unemployment benefits (which required her to state that she was able and willing to work) in 2011; complained of severe 9-out-of-10 pain, but was

prescribed only over-the-counter medication; showed mild disc disease in the objective medical evidence; engaged in activities of daily living inconsistent with her subjective complaints; and exhibited conduct at the hearing that suggested dishonesty. R. 22-25. At the hearing, plaintiff's counsel offered arguments against each of the ALJ's reasons. But those arguments all go to the weight of the evidence, and the ALJ is in the best position to determine plaintiff's credibility. This court will not reverse that determination when it is supported by sound reasons, as it is in this case.

Plaintiff's second objection is that the ALJ erred in assigning moderate weight to the opinion of Dr. Webster, plaintiff's treating physician. Plaintiff contends that the ALJ did not adequately explain why Dr. Webster's opinion (especially Dr. Webster's letter of November 2, 2013[1]) was not given controlling weight, and that in fact, the ALJ did not even give it moderate weight. The ALJ opined that Dr. Webster's opinion was speculative and conclusory and was based in substantial part on plaintiff's subjective self-reports. R. 26.

The ALJ's explanation of why he discounted Dr. Webster's opinion could have been more complete and detailed, but it was adequate. *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010) ("This court upholds all but the most patently erroneous reasons for discounting a treating physician's assessment."); *Elder*, 529 F.3d at 415. The ALJ noted that Dr. Webster's opinions about plaintiff's limitations were based, at bottom, not on any clinical evidence, but on plaintiff's subjective reports, which the ALJ had found to be suspect. The ALJ explained that Dr. Webster saw plaintiff only about once a year, thus limiting her opportunity for evaluation of plaintiff's limitations. R. 26, 523-24. The ALJ rightly pointed out that Dr. Webster's letter was

---

[1] The letter was prepared after the revised onset date of October 1, 2012, R. 66, unlike many of the records relied upon by the ALJ and the parties. During oral argument, the Commissioner acknowledged that records pre-dating the onset date may be considered in the disability analysis.

conclusory. It would have been useful for the ALJ to cite Dr. Webster's treatment notes to show that those notes do not support her ultimate conclusion. But the court has reviewed those treatment notes, and the record is consistent with the ALJ's analysis and decision, suggesting that any of the ALJ's minor errors are harmless. *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires [this Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Jutta Spies's application for disability benefits is AFFIRMED and plaintiff Jutta Spies's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 27, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge